# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ONIS E. WOLSEY, | ) |
| | ) |
|           **Plaintiff,** | ) |
| | )   **CIVIL ACTION** |
| v. | ) |
| | )   No. 09-1384-JWL |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
|           **Defendant.** | ) |
| _____ | ) |

## MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Commissioner of Social Security (the Commissioner) denying disability insurance benefits (DIB) and supplemental security income (SSI) under sections 216(i), 223, 1602, and 1614(a)(3)(A) of the Social Security Act. 42 U.S.C. §§ 416(i), 423, 1381a, and 1382c(a)(3)(A) (the Act). Finding error in the administrative law judge's (ALJ's) evaluation of Dr. Sullivan's medical source statement, the court ORDERS that the Commissioner's decision is REVERSED, and that judgment shall be entered in accordance with the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent with this opinion.

**I.    Background**

Plaintiff applied for DIB on September 2, 2006 and for SSI on February 12, 2009 alleging disability since July 13, 2006.[1] (R. 17, 100-11). The applications were denied initially and upon reconsideration, and Plaintiff requested a hearing before an ALJ. (R. 17, 31-34, 78). Plaintiff's request was granted, and Plaintiff appeared with counsel for video hearings before ALJ Melvin B. Werner on February 19, and April 3, 2009. (R. 17, 453-508). Plaintiff's caseworker, Brett Longnore, also appeared at the first hearing, and he and Plaintiff testified. (R. 453-54). A vocational expert, Robin Cook, appeared and testified at the second hearing. (R. 17, 486-87).

ALJ Werner issued his decision on June 15, 2009, finding that although Plaintiff is unable to perform his past relevant work, jobs of which Plaintiff is capable of performing exist in significant number in the economy, and Plaintiff was not disabled within the meaning of the Act through the date of the decision. (R. 17-30). Plaintiff was denied review by the Appeals Council. (R. 8-11, 13, 450-52). Therefore, the ALJ decision is the final decision of the Commissioner. (R. 8); Cowan v. Astrue, 552 F.3d 1182, 1184 (10th Cir. 2008).

## II.     Legal Standard

---

[1]Plaintiff's DIB application is dated September 25, 2006, and states, "I became unable to work because of my disabling condition on January 25, 2003." (R. 100). The "Application Summary for Supplemental Security Income" is dated September, 25, 2006, states Plaintiff applied for SSI on September 25, 2006, and alleges his disability began on January 25, 2003. (R. 106). Plaintiff does not allege error in the decision with regard to Plaintiff's applications and alleged onset date. The correct dates are unnecessary to the court's decision and the court accepts without deciding that the decision is correct. The Commissioner may address and correct these dates, if necessary, on remand.

The court's jurisdiction is guided by the Act. Wall v. Astrue, 561 F.3d 1048, 1051-52 (10th Cir. 2009) (citing 42 U.S.C. § 405(g)); see also, 42 U.S.C. § 1383(c)(3) (final decision in SSI case "shall be subject to judicial review as provided in section 405(g) of this title"). Section 405(g) provides, "The findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." The court must determine whether the factual findings are supported by substantial evidence in the record and whether the ALJ applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). Substantial evidence is more than a scintilla, but less than a preponderance, and it is such evidence as a reasonable mind might accept to support a conclusion. Wall, 561 F.3d at 1052; accord, Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988). The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005). Whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

An individual is under a disability only if that individual can establish that he has a physical or mental impairment which prevents him from engaging in substantial gainful activity and which is expected to result in death or to last for a continuous period of at

least twelve months.  Thompson v. Sullivan, 987 F.2d 1482, 1486 (10th Cir. 1993) (citing 42 U.S.C. § 423(d)); accord, Lax, 489 F.3d at 1084 (citing 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A)).  The claimant's impairments must be of such severity that he is unable to perform his past relevant work, and cannot, considering his age, education, and work experience, engage in any other substantial gainful work existing in the national economy.  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner uses a five-step, sequential process to evaluate disability.  20 C.F.R. §§ 404.1520, 416.920 (2009); Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)).  "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary."  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).

In the first three steps, the Commissioner determines whether the claimant has engaged in substantial gainful activity since the alleged onset, whether he has a severe impairment, and whether the severity of his impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1).  Williams, 844 F.2d at 750-51.  If the claimant's impairments do not meet or equal a listed impairment, the Commissioner assesses residual functional capacity (RFC).  20 C.F.R. §§ 404.1520(e), 416.920(e).  This assessment is used at both step four and step five of the sequential process.  Id.

After assessing claimant's RFC, the Commissioner evaluates steps four and five-- whether claimant can perform his past relevant work, and whether, when considering vocational factors of age, education, and work experience, he is able to perform other work in the economy. Wilson, 602 F.3d at 1139 (citing Lax, 489 F.3d at 1084). In steps one through four the burden is on claimant to prove a disability that prevents performance of past relevant work. Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show jobs in the national economy within Plaintiff's capacity. Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

Plaintiff asserts numerous errors. He claims the ALJ erred: at step two in failing to evaluate the severity of Plaintiff's insomnia or personality disorder, and in failing to explain his application of the Commissioner's psychiatric review technique; at the RFC assessment by improperly evaluating the medical opinions, by assessing insufficient mental limitations, by erroneously considering GAF scores, by ignoring evidence regarding Plaintiff's insomnia, and by erroneously evaluating the credibility of Plaintiff's allegations; and at step five in presenting the hypothetical questions to the vocational expert, in accepting unreliable testimony from the expert, and in finding a substantial number of jobs existing in the economy based upon insufficient numbers of representative jobs in the regional economy. The Commissioner argues that the ALJ applied the correct legal standards to his disability determination and that substantial evidence in the record as a whole supports his findings. The court finds error in the ALJ's evaluation of Dr.

Sullivan's medical source statement which requires remand for further proceedings before the Commissioner. Plaintiff may make his remaining arguments before the Commissioner on remand, and the court will not address them here.

### III. Evaluation of Dr. Sullivan's Medical Source Statement - Physical

The ALJ found that plaintiff:

> has the residual functional capacity to perform less than a full range of sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) or work requiring him to lift and/or carry 25 pounds occasionally or five pounds frequently; stand and/or walk four hours in an 8-hour workday for periods not exceeding one hour at a time; and sit eight hours in an 8-hour workday for periods not exceeding two hours at a time except for work requiring him to climb, balance, stoop, knee, [sic] crouch, crawl, and reach overhead more than occasionally; exposing him to heights and hazards; and/or requiring him to understand, remember, and carryout detailed instructions. The claimant has a credible need to alternate sitting and standing every 30 to 40 minutes to relieve symptoms.

(R. 21-22).

> He discussed the opinion of Dr. Sullivan, Plaintiff's primary care physician:
>
> Contrary to the opinions of reviewing and examining sources, the claimant's allegations are partially supported by his primary care physician, Dr. Sullivan. This physician issued a <u>Medical Source Statement - Physical</u> on behalf of the claimant on January 26, 2009, in which he concluded that the claimant would be able to perform work on a regular and continuing basis (8 hours each day, 5 days a week) but would be limited to lifting and/or carrying 25 pounds occasionally or five pounds frequently; standing and/or walking four hours in an 8-hour workday for periods not exceeding one hour at a time; and sitting eight hours in an 8-hour workday for periods not exceeding two hours at a time. Dr. Sullivan also concluded that the claimant would be unable to perform work requiring him to climb, balance, stoop, knee, [sic] crouch, crawl, and reach overhead more than occasionally; or work exposing him to heights and hazards (Exhibit 25F).

> While the claimant's [sic] has alleged an inability to perform fulltime work or to perform work without physical or cognitive restrictions, his allegations are not supported by any treating sources other than Dr. Sullivan since no other treating source has offered opinions on the claimant's capacity to perform work related activities.
>
> Therefore, from objective medical evidence concerning the course of treatment and the location, duration, frequency, and intensity of the claimant's physical symptoms, the undersigned has found no evidence to suggest limitations that would prevent the claimant from performing fulltime work consistent with the range of sedentary work set forth [above].

(R. 25-26). He stated the weight he assigned Dr. Sullivan's opinion:

> the undersigned considered medical opinions of Dr. Sullivan, a long term treating source, and concluded that his opinions should be given substantial weight in regard to claimant's physical work limitations because they are consistent with the record as a whole and not contradicted by the credible opinions of any other treating source (20 CFR 404. I 527(d) and (f), 20 CFR 416.927(d) and (f), and Social Security Rulings 96-2p, 96-6p, 96-8p).

(R. 27).

### A. The Parties' Arguments

Plaintiff claims the ALJ erred in finding that Dr. Sullivan had limited Plaintiff only in <u>overhead</u> reaching, whereas the doctor actually restricted him to only occasional reaching <u>regardless of location</u>. He notes that Dr. Sullivan stated Plaintiff's ability to push and pull was limited, and that his use of narcotic medications could cause lethargy or impair his cognitive functions, but he claims that the ALJ erred in failing to explain why he did not include RFC limitations consistent with these opinions despite his statement that he accorded Dr. Sullivan's opinions "substantial weight." (Pl. Br. 16-18). The Commissioner argues that the ALJ "implicitly rejected Dr. Sullivan's opinion that

7

Plaintiff could do no reaching" when he found Plaintiff restricted from overhead reaching, that Dr. Sullivan did not indicate the extent of Plaintiff's limitation in the ability to push and pull, and that Dr. Sullivan's opinion that use of medications might result in lethargy or impaired cognitive function is reflected in the ALJ's restriction from heights and hazards. (Comm'r Br. 13).

### B. Analysis

As Plaintiff argues, Dr. Sullivan found that Plaintiff was able to reach only occasionally, and his ability to push and/or pull was limited. (R. 441-42). In response to a question whether Plaintiff's pain, use of medication, or side effects of medication would cause a decrease in concentration, persistence, or pace, or any other limitations, Dr. Sullivan responded that "concentrated use of narcotics may result in lethargy or impaired cognitive function." (R. 442). The ALJ stated he had accorded "substantial weight" to Dr. Sullivan's opinion "in regard to claimant's physical work limitations." The ALJ assessed Plaintiff with the capacity for sedentary work "<u>except</u> for work requiring him to . . . reach overhead more than occasionally." (R. 21-22). As Plaintiff asserts, neither the RFC assessed nor the decision at issue says anything with regard to Plaintiff's ability to push or pull or with regard to limitations resulting from Plaintiff's use of medications.

Regarding Plaintiff's reaching restrictions, the court notes there is a difference between a limitation to <u>reach</u> only occasionally and a limitation to <u>reach overhead</u> only occasionally. The difference is substantial. As Plaintiff argues, the vocational expert testified that if Plaintiff was able to <u>reach</u> only occasionally, 98 percent of both the light

and sedentary occupational bases would be eliminated (R. 496-97), whereas if Plaintiff were limited to only occasional <u>overhead reaching</u>, only seven percent of the sedentary occupational base and twenty-three percent of the light occupational base would be eliminated. (R. 497-98). In discussing the reaching limit opined by Dr. Sullivan, the vocational expert noted that Dr. Sullivan limited Plaintiff to occasional reaching. (R. 496) (citing Ex. 25F (R. 441-42)). The ALJ questioned the vocational expert regarding whether the job base was affected differently by the <u>type</u> of reaching which was limited, and stated that Dr. Sullivan had not quantified the reaching which was limited. (R. 497). He specifically asked, "but if it were only a limitation against overhead reaching or with arms fully extended, would that be a less significant limitation than if it's a limit to occasionally, in regard to all reaching?" <u>Id.</u> The expert replied, "Yes, Sir, that's correct." <u>Id.</u>

At the hearing, the ALJ acknowledged that Dr. Sullivan had "not quantified" the <u>type</u> of reaching to which Plaintiff was limited, but that Dr. Sullivan stated Plaintiff could reach only occasionally. (R. 496-98). In the decision, however, he stated, "Dr. Sullivan also concluded that the claimant would be unable to perform work requiring him to . . . <u>reach overhead</u> more than occasionally." (R. 25) (emphasis added). He stated that he accorded substantial weight to Dr. Sullivan's opinions "in regard to claimant's physical work limitations." (R. 27). He assessed Plaintiff with a limitation to only occasional <u>overhead</u> reaching. (R. 22). Moreover, he stated that he "found no evidence to suggest limitations that would prevent the claimant from performing fulltime work consistent with

9

the range of sedentary work set forth in [the RFC assessed.]" (R. 26). These facts simply cannot stand within the same decision.

As the ALJ noted, Dr. Sullivan did not "quantify" the type of reaching from which Plaintiff was restricted. Dr. Sullivan indicated merely that Plaintiff was limited to occasionally reaching. The natural inference to be drawn from Dr. Sullivan's opinion is that Plaintiff may perform <u>any</u> type of reaching only occasionally. That is the inference the vocational expert drew from Dr. Sullivan's opinion, and when asked to what extent the limitations contained in Dr. Sullivan's opinion, "and no other," would reduce the occupational base, the expert responded that "there will be a very significant reduction" specifically because of the "restriction to occasional reaching." (R. 496).

The ALJ need not draw the natural inference from Dr. Sullivan's opinion. In fact, here he stated that Dr. Sullivan opined that Plaintiff was limited only to occasional <u>overhead reaching</u>. (R. 25). But, he must explain his determination, and point to substantial evidence in the record which supports it. Here, he merely chose one of several potential meanings of the opinion, and the one he chose is contrary to the natural meaning. Dr. Sullivan's opinion states numerous postural activities of which plaintiff is capable only occasionally (climbing, balancing, stooping, kneeling, crouching, crawling, and reaching). (R. 442). With the exception of reaching, the ALJ correctly noted Dr. Sullivan's opinion that Plaintiff was limited to performing each of those activities only occasionally. (R. 25). However, without explanation, the ALJ chose to infer that Dr. Sullivan only restricted Plaintiff's <u>overhead</u> reaching.

Further, the ALJ stated he gave "substantial weight" to Dr. Sullivan's opinion. Consistent with that determination (and with Dr. Sullivan's opinion), the ALJ assessed Plaintiff with the ability to lift five pounds frequently and twenty-five pounds occasionally; stand and/or walk four hours in a workday for periods not exceeding one hour at a time; sit eight hours in a workday for periods not exceeding two hours at a time; with no exposure to heights and hazards;[2] and only occasional climbing, balancing, stooping, kneeling, crouching, and crawling. (R. 21-22). The ALJ's assessed limitation to only occasional <u>overhead</u> reaching, however, is inconsistent with Dr. Sullivan's opinion that Plaintiff can only occasionally reach. Medical opinions must not be ignored, 20 C.F.R. §§ 404.1527(d), 416.927(d); <u>Soc. Sec. Rul.</u> (SSR) 96-5p, West's Soc. Sec. Reporting Serv., Rulings 123-24 (Supp. 2010), and an ALJ must give reasons in the decision for the weight he gives the treating source opinion. <u>Watkins v. Barnhart</u>, 350 F.3d 1297, 1301 (10th Cir. 2003). Here, the ALJ did not explain why he ascribed a meaning to Dr. Sullivan's opinion which is contrary to the natural meaning and inconsistent with his treatment of the rest of Dr. Sullivan's opinion, and did not explain why he rejected a portion of Dr. Sullivan's opinion.

---

[2]The court notes Dr. Sullivan opined that Plaintiff could tolerate some (less-than-moderate) exposure to hazards. (R. 442). While the RFC assessed by the ALJ is technically inconsistent with Dr. Sullivan's opinion, the vocational expert testimony was based upon Dr. Sullivan's opinion adjusted only for a limitation to overhead reaching, the ALJ's inconsistent RFC is favorable to Plaintiff in this regard, and the court need not address this minor inconsistency to decide the case. This technical error is merely one more factor supporting remand.

11

Since the ALJ stated that he accorded substantial weight to Dr. Sullivan's opinions "in regard to claimant's physical work limitations," (R. 27), he may have intended to give less-than-substantial weight to Dr. Sullivan's opinions regarding postural and manipulative limitations. If so, an ALJ may not merely "pick and choose" from a medical report, using only those parts favorable to his decision. Robinson v. Barnhart, 366 F.3d 1078, 1083 (10th Cir. 2004). In that case, he must provide a basis for rejecting a portion of the opinion and that basis must be supported by substantial evidence in the record as a whole.

As the court's discussion above reveals, the ALJ's statement that he "found no evidence to suggest limitations that would prevent the claimant from performing fulltime work consistent with the range of sedentary work set forth in [the RFC assessed,]" (R. 26), is not supported by the record evidence. Dr. Sullivan's opinion that Plaintiff can only occasionally reach is just such evidence. That is especially true when one considers the vocational expert's testimony that such a limitation would reduce the sedentary and light occupational bases by ninety-eight percent.

In his final argument with regard to Dr. Sullivan's opinion, Plaintiff claims that the ALJ erred in stating he accorded Dr. Sullivan's opinions "substantial weight," but in failing to explain why he did not include RFC limitations consistent with Dr. Sullivan's opinions that Plaintiff's ability to push and pull was limited, and that Plaintiff's use of narcotic medications could cause lethargy or impair his cognitive functions. The Commissioner first argues that Dr. Sullivan did not indicate the extent of Plaintiff's

limitation in the ability to push and pull.  While this is true, and might provide a basis to find little or no limitation in this regard, the ALJ did not do so.  He said nothing with regard to pushing or pulling limitations.  In other words, he ignored these limitations opined by Dr. Sullivan.  This is error.  As discussed above, an ALJ may not ignore a medical source opinion or merely pick and choose portions of the opinion while ignoring other portions.

The Commissioner also argues that Dr. Sullivan's opinion (that use of medications might result in lethargy or impaired cognitive function) is reflected in the ALJ's restriction from heights and from hazards.  While it appears reasonable to find that lethargy and impaired cognition would justify a restriction from heights and hazards, the ALJ did not make such a finding.  The court may not engage in post hoc rationalizations to explain the Commissioner's treatment of evidence when that treatment is not apparent from the Commissioner's decision.  Grogan v. Barnhart, 399 F.3d 1257, 1263 (10th Cir. 2005).  Moreover, an ALJ's decision cannot be affirmed on the basis of appellate counsel's post hoc rationalizations for agency action.  Knipe v. Heckler, 755 F.2d 141, 149 n.16 (10th Cir. 1985).  His decision should be evaluated based solely on the reasons stated therein.  Robinson, 366 F.3d at 1084.  Finally, lethargy and impaired cognitive function might also have an impact on Plaintiff's mental abilities in functional areas such as activities of daily living, maintaining social functioning, and maintaining concentration, persistence, and pace.  Since the ALJ did not address Dr. Sullivan's

opinion regarding lethargy and impaired cognitive functioning, the court cannot tell whether the ALJ considered the opinion when assessing Plaintiff's mental limitations.

Remand is necessary for the Commissioner to properly evaluate Dr. Sullivan's opinions. If he finds Dr. Sullivan opined that Plaintiff is limited only in <u>overhead</u> reaching, he must explain why he interpreted Dr. Sullivan's opinion other than in it's natural sense, and support that interpretation with substantial evidence in the record. If he accords substantial weight to parts of Dr. Sullivan's opinion but not to other parts of the opinion, he must explain the weight accorded to the other parts of the opinion, and support that determination with substantial evidence in the record. Moreover, the Commissioner must explain how he weighs Dr. Sullivan's opinions regarding pushing and pulling limitations, lethargy, and impaired cognitive functioning, and what, if any, limitations result therefrom, and he must support those determinations with substantial evidence in the record.

**IT IS THEREFORE ORDERED** that the Commissioner's decision is REVERSED, and that judgment shall be entered in accordance with the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceedings consistent with this opinion.

Dated this 1st day of December 2010, at Kansas City, Kansas.

                                        s/ John W. Lungstrum
                                        **John W. Lungstrum**
                                        **United States District Judge**